UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1/13/2022
```

**KOREY R. ZELLNER,**

            **Plaintiff,**

        -against-

**CITIGROUP GLOBAL MARKET HOLDINGS INC.,**

            **Defendant.**

**21-cv-2413 (ALC)**

<u>**ORDER**</u>

**ANDREW L. CARTER, United States District Judge:**

       Plaintiff Korey Zellner, an individual broker brings this suit against Defendant Citigroup Global Market Holdings Inc. ("CGMHI" or "Defendant"), headquartered in New York, alleging fraud under New York state law and filing of a false registration pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k. Defendant now moves for the dismissal.

       Plaintiff resides in Oregon, Wisconsin. ECF No. 1 ("Pro Se Form Complaint"), at 2–3. Defendant CGMHI is headquartered in New York. *Id.* CGMHI is an issuer of UWT notes, which track the S&P GSCI Crude Oil Index ER New. Plaintiff alleges that CGMHI perpetuated an extensive fraud on holders of UWT notes. ECF No. 1-1 ("Compl.") ¶ 3. He alleges that, on March 19, 2020 the fluctuation in the UWT stocks ceased to track the index, suffering "a massive 50 percentage point shortfall." *Id.* ¶ 3. He states the CGMHI software that allows the UWT notes to track the index is automated. Plaintiff believes that this shortfall can only be attributed to human intervention. He further alleges that the UWT note registration statement is consists of "untrue statements of facts" because of the March 2020 shortfall. *Id.* ¶ 2. Plaintiff filed this suit on March 18, 2021.

## LEGAL STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted).  Rather, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

The Court is mindful that a *pro se* party's pleadings must be "liberally construed" in favor of that party and "are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (internal quotation marks and citations omitted).  "*Pro se* litigants must nonetheless abide by the same rules that apply to all other litigants." *Farmer v. United States*, No. 15-cv-6287, 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (citations and quotation marks omitted).

## DISCUSSION

Defendant contends that this Court lacks subject matter jurisdiction to adjudicate this dispute under both its diversity jurisdiction, 28 U.S.C. § 1332(a), and federal-question jurisdiction, 28 U.S.C. § 1331.  They contend that Plaintiff's compensatory damages fall below the $75,000 threshold and that Plaintiff asserts a Section 11 Claim solely for the purpose of establishing jurisdiction.  The Court takes each of these arguments in turn.

I. **Diversity of Citizenship**

Federal diversity jurisdiction exists where plaintiffs and defendants are citizens of different states and the amount-in-controversy is greater than $75,000. *See* 28 U.S.C. §1332(a). When a plaintiff seeks declaratory relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted). The party invoking subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). The amount in controversy is measured "as of the date of the complaint." *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).

A plaintiff seeking punitive damages for common law fraud claims must "allege fraud that is founded upon such moral indifference as to be 'aggravated by evil' or to be demonstrative of a criminal indifference to civil obligations." *Koch v. Greenberg*, 14 F. Supp. 3d 247, 273 (S.D.N.Y. 2014), *aff'd*, 626 F. App'x 335 (2d Cir. 2015) (quoting *Rush v. Oppenheimer & Co., Inc.*, 596 F. Supp. 1529, 1532 (S.D.N.Y.1984)). Under New York law, "[p]unitive damages are 'refused in the "ordinary" fraud and deceit case.'" *Kruglov v. Copart of Connecticut, Inc.*, 771 F. App'x 117, 120 (2d Cir. 2019) (quoting *Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961)).

Plaintiff seeks an award of $54,409.99 in compensatory damages—well below the $75,000 and one penny threshold to meet the amount-in-controversy requirement. Plaintiff attempts to meet this threshold by alleging punitive damages in the amount of $489, 681.81, increasing the money damages to $544, 490.90. Plaintiff's complaint does not allege any morally reprehensible grounds for the imposition of punitive damages. Plaintiff asserts that Defendant perpetuated an egregious fraud upon him and other stockholders but offer no facts to

3

support these assertions.  Accordingly, Plaintiff may not invoke this Court's subject-matter jurisdiction under 28 U.S.C. 1332(a).

## II. Federal Question

District courts have "original jurisdiction of all civil actions arising under" federal law. 28 U.S.C. § 1331.  "A plaintiff cannot create federal jurisdiction under § 1331 simply by alleging a federal claim where in reality none exists." *Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140 (2d Cir. 2005); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n. 10 (2006) ("A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction . . . if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" (citations and internal quotation marks omitted)).  In determining "the existence of a federal question," the Court looks only "to the plaintiff's own claim—not by reference to 'statements raised in anticipation or avoidance of possible defenses that may be interposed.'" *Empire HealthChoice*, 396 F.3d at 140 (quoting *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304 (2d Cir. 2004)).

The issue here is whether Plaintiff has pleaded a colorable Section 11 claim.  "[S]tanding for Section 11 claims is limited to those who have purchased securities that are the direct subject of a specified prospectus or registration statement." *See Barnes v. Osofsky*, 373 F.2d 269, 272 (2d Cir.1967).  *In re Puda Coal Sec. Inc. Litig.*, No. 11-cv-2598 KBF, 2013 WL 5493007, at *5 (S.D.N.Y. Oct. 1, 2013).  Defendants argue that Plaintiff could not seriously bring a Section 11 claim because he did not plead that his UWT notes were the subject of the prospectus cited in this complaint.  Defendant's arguments, however, are substantive and not jurisdictional. Whether Plaintiff can directly trace his UWT notes to the prospectus goes to the validity of his claim and not to this Court's power to hear this dispute.

The Court could treat the Defendant's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction as one for failure to state a claim under 12(b)(6).  The Court declines to do so as Mr. Zellner, a *pro se* plaintiff, has not had the opportunity to properly respond to Defendant's 12(b)(6) claims.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.  The Clerk of the Court is respectfully directed to terminate ECF Nos. 19.

**SO ORDERED.**

**Dated:    January 13, 2022**
          **New York, New York**

                                **ANDREW L. CARTER, JR.**
                                **United States District Judge**