USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/21/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**KOREY R. ZELLNER,**

     **Plaintiff,**

   -against-

**CITIGROUP GLOBAL MARKET HOLDINGS INC.,**

     **Defendant.**

21-cv-2413 (ALC)

<u>ORDER</u>

**ANDREW L. CARTER, United States District Judge:**

  Plaintiff Korey Zellner sued Defendant Citigroup Global Market Holdings Inc. ("CGMHI" or "Defendant") alleging fraud under New York state law and filing of a false registration pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k. On February 17, 2022, Defendant moved to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. This Court denied the motion in its January 13, 2022 Opinion & Order. The relevant facts have been recited in the Court's previous opinion.

  Defendant now moves to dismiss pursuant to Rule 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* When ruling on a Rule (12)(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and "draw all reasonable

inferences in [plaintiff's] favor." *See, e.g.*, *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

As Plaintiff is proceeding *pro se*, the Court is mindful that his pleadings must be "liberally construed" in favor of that party and "are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980) (internal quotation marks and citations omitted). "*Pro se* litigants must nonetheless abide by the same rules that apply to all other litigants." *Farmer v. United States*, No. 15-cv-6287, 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (citations and quotation marks omitted).

"To prevail on a § 11 claim, a plaintiff must show that the relevant communication either misstated or omitted a material fact." *Fait v. Regions Financial Corp.,* 655 F.3d 105, 109 (2d Cir. 2011) (internal quotation marks and citation omitted). Under § 11, "[A] misrepresentation of fact is material if 'an investor would attach importance to it in making an investment decision.'" *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 562 (S.D.N.Y. 2012) (quoting *In re APAC Teleservice, Inc. Sec. Litig.,* 1999 WL 1052004 *9 (S.D.N.Y.1999)). A plaintiff alleging a claim sounding in fraud must also meet the heightened particularity pleading standard of Fed. R. Civ. P. 9(b). Rule 9(b) "requires that the plaintiff (1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 403 (2d Cir. 2015). *see also Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 562 (S.D.N.Y. 2012).

The key contention here is whether the UWT prospectus contained a false statement. Plaintiff has not pleaded any facts to support his position. Plaintiff's complaint makes vague and

passing references to the UWT prospectus. He alleges that the fluctuation of UWT notes is fraudulent, rendering false all related statements in the UWT prospectus. These allegations are insufficiently definite, satisfying neither the pleading requirement of Rule 9(b) nor the pleading standards for a Section 11 claim. Plaintiff has not identified why the statements in the prospectus are false. He merely asserts that they must be because his investment did not perform as desired.

Plaintiff succumbed to the complexity of the financial instrument in which he invested. The prospectus gave clear warning that the product was geared toward sophisticated investors who could fully appreciate the risk involved in investing. Plaintiff did not heed these warnings and took the intended performance described in the prospectus as a guaranteed one. Plaintiff's misreading or misunderstanding of the UWT prospectus does not render the statements therein false or misleading. That is, Plaintiff has not sufficiently pleaded facts to support the contention that, at the time it became effective, the UWS prospectus contained a material omission or untrue statement of fact. 15 U.S.C. § 77k(a).

Accordingly, Defendant's motion to dismiss is **GRANTED**. The Clerk of the Court is respectfully directed to terminate ECF No. 31.

**SO ORDERED.**

Dated: September 21, 2022
New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**